King *v.* Neill, Sheriff, etc., and others.

(*Circuit Court, S. D. Georgia, E. D.*   November, 1885.)

REMOVAL OF CAUSE—BANKRUPTCY—DISCHARGE—EXEMPT PROPERTY.

> On a suit between citizens of the same state, removed from the state court, the circuit court has no jurisdiction, after a discharge in bankruptcy, to protect property exempted by the bankrupt court from judgment liens existing prior to the application for bankruptcy, and such cause will be remanded.

In Equity.
*W. C. McCall*, for complainant.
*Chisholm & Erwin*, for defendants.

Speer, J.   This bill is brought for the purpose of enjoining a levy made by the sheriff of Brooks county, Georgia. It was brought in the state court and removed to this court. The allegations are that the complainant, in 1873, filed his petition in voluntary bankruptcy in the district court of the United States, Southern district of Georgia; that he was subsequently adjudged a bankrupt; that he set out all his property in the schedule annexed to his petition; and that the tract of land levied upon was so included, and was set apart to him by the register as exempt under the homestead laws of Georgia. The complainant alleges that he placed in his bankruptcy schedule the judgment of Allen & McLane for $1,301.68. On this judgment a *fi. fa.* issued, under which the sheriff is proceeding to sell his homestead exemption. The judgment was obtained in the superior court of Brooks county, in the year 1867. This was before the homestead law of Georgia was enacted. Allen & McLane did not prove their claim in bankruptcy, but relied upon the lien of their judgment. The complainant insists that the judgment of Allen & McLane was provable in bankruptcy, and, not having been so proven, he is discharged from all liability thereunder. He further insists that his discharge in bankruptcy is effective to relieve his property from the liens of the judgment, and prays that the sheriff and the plaintiff in execution be enjoined from proceeding with the levy and sale.

A motion is made to dismiss or remand the bill for want of jurisdiction,—all parties thereto being citizens of the same state; and it is replied that the court should maintain jurisdiction, because it is necessary, in the determination of the issues involved, to construe an act of congress. It is very clear, on the authority of *Jeffries* v. *Bartlett*, 20 Fed. Rep. 496, and *Adams* v. *Crittenden*, 4 Woods, 618, S. C. 17 Fed. Rep. 42, that this court has no jurisdiction to consider the matter set out in this bill. The court properly vested with jurisdiction in such matters is the district court; and yet that court, where exempted property has been set apart, has no further concern in the matter, and has no jurisdiction to defend such property against ad-

v.26F.no.10—46

verse liens, whether they may or may not have been extinguished by the bankruptcy.

This is not a "suit of a civil nature," "arising under the constitution or laws of the United States," in the meaning of the act of March 3, 1875. It is in fact a suit between citizens of the state, and to be determined by the laws of the state, and in the state courts. In the case of *Wolf* v. *Stix*, 99 U. S. 1, on which counsel for complainant relies, there was no lien in existence prior to the application for bankruptcy. The case of *Brazelton* v. *De Graffenreid*, removed from the superior court of Mitchell county, Georgia, wherein a decree was rendered by his honor, Judge ERSKINE, November 13, 1879, (not reported,) was, it is true, analogous to the bill before the court. Upon an examination of the record in that case it will appear, however, that it was determined after a decree *pro confesso*, and, the court is inclined to think, was neither argued nor resisted. In the case of *Arnett* v. *Mosely*, decided December 4, 1879, by Judge ERSKINE, the issue was precisely as made here, and on motion the cause was remanded. With regard to the case of *Gibson* v. *Williams*, (decree in this court,) the parties were citizens of different states, and the case was properly removable, and, while no opinion was filed, I presume that jurisdiction was entertained by the presiding judge because of the citizenship of the parties.

While having a very decided opinion upon the merits of the application, the court, having no jurisdiction to entertain the subject, will remand the record to the court from whence it came, to be there determined.